UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. TURNER,<br><br>         Plaintiff,<br><br>         v.<br><br>CORRECTIONAL OFFICER BALDWIN HENACHO, CORRECTIONAL OFFICER C. WILLIAMS, CORRECTIONAL OFFICER RAMOS, INVESTIGATOR LISA, NASHUA STREET JAIL MEDICAL PROVIDER WELLPATH, SUPERINTENDENT MICHAEL CONWELL,<br><br>         Defendants. | Civil Action No. 24-11728-MJJ |

<u>ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS, MOTION SCREENING PURSUANT TO 28 U.S.C. § 1915A, AND ISSUANCE OF SUMMONSES</u>

July 16, 2024

JOUN, D.J.

      Before the Court is Plaintiff James A. Turner's ("Turner") Application to Proceed in District Court without Prepayment of Fees or Costs ("the Application"), [Doc. No. 2], Motion for Appointment of Counsel, [Doc. No. 3] and Complaint, [Doc. No. 1]. It is hereby ordered as follows:

      1.     Turner's Application is hereby <u>DENIED</u> without prejudice because it does not include a prison account statement for the full six months prior to the date of the filing of the Complaint. *See* 28 U.S.C. §1915(a)(2); Inmate Transaction Report, [Doc. No. 1-2]. Accordingly, Turner shall by August 16, 2024: (a) either pay the $405 filing and administrative fee; or, (b) file

1

a renewed and complete motion to proceed in forma pauperis that includes a complete prisoner account for the period six months <u>prior to the date of filing</u> the Complaint, here (January 10, 2024 through July 10, 2024). Otherwise, this action will be DISMISSED. The Clerk is directed to provide a Form AO 240 to Turner.

    2.    Turner's motion for appointment of pro bono counsel, [Doc. No. 3], is <u>DENIED</u> without prejudice. Although, pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. *Id.*; 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id*. At this stage of the proceedings, the motion is premature and, on this record, while Turner appears indigent, he has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

    3.    Turner's Complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Turner is a prisoner as defined by 28 U.S.C. § 1915A(c), and therefore -- regardless of the payment of the filing fee -- under federal law, the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" under 28 U.S.C. § 1915A(a). "On review, the Court shall identify cognizable claims or dismiss the complaint, or

any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes Turner's complaint because he is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Upon review, all official capacity monetary damages claims against the individual defendants (i.e., all defendants except for Wellpath) are barred by Eleventh Amendment sovereign immunity. "The Eleventh Amendment generally bars suits against states and state officials." *Doe v. Shibinette*, 16 F.4th 894, 903 (1st Cir. 2021). It "does not bar suits for damages against state officials sued in their individual capacities…" *Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 76 (1st Cir. 2019) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). Accordingly, official capacity monetary damages claims are dismissed as to the individual defendants. The Court does not dismiss any claims against defendant Wellpath and does not dismiss individual capacity monetary damages claims against the individual defendants.

4. Summonses shall not issue pending further order of the Court.

5. Failure to comply with this order will result in dismissal of this action.

SO ORDERED.

/s/ Myong J. Joun
Myong J. Joun
United States District Judge